# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

PAUL SINKOVITZ,

    Plaintiff,

v.

Civil Action 2:18-cv-210
Judge George C. Smith
Magistrate Judge Chelsey A. Vascura

BRYAN COOK, WARDEN, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Sinkovitz, a state inmate who is proceeding without the assistance of counsel, brings this action against the Warden of the Lancaster Correctional Facility and the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that the prison's refusal to provide him with certain tax forms and also the marking of his outgoing mail with the word "inmate" violate his constitutional rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

Although Plaintiff's Complaint lacks clarity, in his first claim, he appears to challenge the prison's refusal to provide him with certain forms he maintains he needs to file his taxes. The body of Plaintiff's Complaint lacks specificity, stating only that he is "being denied his right to the forms provided by the federal government to file his tax returns." (Pl.'s Compl. 1, ECF No. 1.) Some of the informal grievances Plaintiff attaches to his Complaint, however, provide additional insight. In the January 2018 informal grievances Plaintiff sent to Warden Cook, he twice requests a "W-2 form," (ECF No. 1-1 at 7, 9), and once complains that ODRC's policy set forth in 75-MAL-01(H) to deny the issuance of "IRS Form 1090 . . . does not address the legal right of filing a Federal Tax Return," (*id*. at 11). As relevant to this claim, Plaintiff also attaches a copy of ODRC Policy Number 75-MAL-01, showing an effective date of November 2016, as well as a document Plaintiff has captioned "Memorandum of Support Supremacy Clause Art. VI of U.S. Constitution," in which he references his "bid to claim [his] right to the funds available made certain by the fulfilment of contract between the government of these United States in service of the U.S. Navy for a term of 22 years." (*Id*. at 2.)

In his second claim, Plaintiff challenges "the marking of private mail with the words 'inmate,' arguing that "the mail service is of the federal government and not of the state." (Pl.'s Compl. 1, ECF No. 1.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*  \*  \*
>
> (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

---

[1]Formerly 28 U.S.C. § 1915(d).

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

Neither of Plaintiff's claims are based on an alleged deprivation of a right secured by the Constitution or laws of the United States. To sustain a § 1983 claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that this deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v.*

4

*Brooks,* 436 U.S. 149, 155 (1978); *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995).

Plaintiff has not identified a provision of the Constitution or the laws of the United States that obligate state prisons to provide inmates with either Form W-2s or blank tax forms. To the contrary, the Internal Revenue Service's ("IRS") website explains that W-2s are issued by *employers* who paid *employees* more than $600. IRS "About Form W-2, Wage and Tax Statement," https://www.irs.gov/forms-pubs/about-form-w2. Because Plaintiff is an inmate and not an employee of ODRC, ODRC was not obligated to issue a W-2 form. In refusing Plaintiff's request for IRS tax forms, the warden referred Plaintiff to Paragraph G of ODRC Policy 75-MAL-01. Plaintiff attached an outdated version of this policy to his Complaint in which the relevant language is contained in Paragraph H and provides as follows:

> H. DRC mailroom staff shall mail all inmates' outgoing mail addressed to the Internal Revenue Service (IRS) to the following address: Internal Revenue Service, Refund Tax Compliance Attention: Blue Bag Room, Stop 975, Brookhaven Service Center, 1040 Waverly, Avenue, Holtsville, NY 11742. Mailroom staff shall also transmit the following data on each prisoner associated with items mailed to the IRS: inmate's full name and inmate number; social security number; date of incarceration; and release date. The IRS will review the correspondence and take appropriate action. Additional information on the Blue Bag Program is available via email: prisoner_file@irs.gov or by calling the Blue Bag Hotline: 631-654-6191.
>
> This procedure does not apply to incoming inmate mail.

(ODRC Inmate Mail and Printed Materials Policies, 75-MAL-01(H), effective Nov. 14, 2016; ECF No. 1-1 at 16.) The current version of this policy, effective October 23, 2017, provides in pertinent part as follows:

> G. DRC mailroom staff shall mail all inmates' outgoing mail only if it contains a completed federal tax return addressed to the Internal Revenue Service (IRS) to the following address: Internal Revenue Service, Blue Bag Program, Stop 975, 1040 Waverly Avenue, Holtsville, NY 11742. Mailroom staff shall also transmit the following data on the prison and on

> each prisoner associated with items mailed to the IRS: prison name and address; sending DRC's staff name and telephone number; inmate's full name and inmate number; inmate's social security number; inmate's date of incarceration; and inmate's release date. The IRS will review the correspondence and take appropriate action. All other inmate's outgoing mail (excluding completed federal tax returns) addressed to the IRS should be mailed through the normal mailing process. Additional information on the Blue Bag Program is available via email: prisoner_file@irs.gov using "BBP" on the subject line or by calling the Blue Bag Hotline: 631-654-6191.
>
> This procedure for the Blue Bag Program does not apply to incoming inmate mail from the IRS. The IRS requests DRC to destroy IRS publications and blank IRS federal tax returns contained in incoming mail. DRC policy 24-CAS-08, Inmate Refund Check, provides procedures for handling incoming mail from the IRS containing a federal refund check.

ODRC Inmate Mail and Printed Materials Policies, 75-MAL-01(G), effective Oct. 23, 2017, http://www.drc.ohio.gov/policies/mail. Significantly, neither version of ODRC 75-MAL-01 prevents Plaintiff from requesting tax forms from the IRS, mailing his completed federal tax returns, or receiving a federal refund check. Rather, it appears that ODRC has adopted these policies in accordance with the IRS' Blue Bag Program, a program the IRS initiated "to deter inmate tax fraud." *See* IRS Fact Sheet, *IRS Blue Bag Program*, https://www.irs.gov/pub/irs-utl/Blue_Bag_Program.pdf. In summary, because neither the Constitution nor the laws of the United States obligate state prisons to provide inmates with the tax forms Plaintiff seeks, it is **RECOMMENDED** that Plaintiff's first claim be **DISMISSED**.

The undersigned likewise concludes that Plaintiff's claim relating to the marking of his outgoing mail must be dismissed. Prisoners have a First Amendment right to send mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). Plaintiff does not allege that Defendants restricted or otherwise interfered with his outgoing mail, however. Nor does he allege that Defendants censored his outgoing mail or otherwise acted to suppress his freedom of expression.

6

*See, e.g., Burton v. Nault*, 902 F.2d 4, 5 (6th Cir.), *cert. denied*, 498 U.S. 873 (1990). Rather, Plaintiff's claim is that Defendants identified the mail as having been sent by an inmate. Once again, Plaintiff has failed to identify a provision of the Constitution or the laws of the United States that Defendants' action violates. Because Plaintiff does not assert any plausible § 1983 claim with respect to the marking of his outgoing mail, it is **RECOMMENDED** that the Court **DISMISS** his second claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE