# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PAUL SINKOVITZ,**

    **Plaintiff,**

    v.

**Civil Action 2:18-cv-210**
**Judge George C. Smith**
**Magistrate Judge Chelsey M. Vascura**

**BRYAN COOK, WARDEN,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

On March 28, 2018, the undersigned issued a Report and Recommendation (ECF No. 6) recommending that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted. On April 6, 2018, Plaintiff filed an Objection (ECF No. 7) to the Report and Recommendation and a Motion For Release From Prison In Order To Prosecute (ECF No. 8), which incorporates a motion for appointment of counsel.

Plaintiff has not identified a basis in law for his request that he be released from prison in order to prosecute this action, and the undersigned is independently aware of no basis. The undersigned therefore **RECOMMENDS** that Plaintiff's Motion For Release From Prison In Order To Prosecute be **DENIED.**

Plaintiff's motion includes a request for appointment of counsel, which is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case should the case progress beyond the Court's ruling on Plaintiff's current Objection. Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is

not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* at 606. The Court has evaluated the factors used to assess whether such circumstances exist in this case and has determined that appointment of counsel is not warranted at this juncture.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE